

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable John Q. McAdams
Commissioner,
Department of Banking
Austin, Texas

Dear Mr. McAdams:

Opinion No. 0-4912
Re: Whether or not a corporation
may be organized under Title
16 of the Revised Civil Statutes
of Texas having trust and dis-
count powers only, without the
requirement of full payment of
its capital in cash.

We beg to acknowledge receipt of your letter asking an opinion from this
department upon the above-capitioned subject matter, the letter being as
follows:

"***.

"In view of the above please advise this Department as to whether or not
a corporation to be organized under the provisions of Title 16 of the
Revised Statutes of Texas, 1925, having only trust and discount powers,
without the power to receive deposits, can be incorporated without the
full payment of its capital in cash."

Article 376 of the Revised Civil Statutes provides:
"Five or more persons, a majority of whom shall be residents of this
State, who have associated themselves by written articles of agreement
as provided by the general corporation law, may be incorporated for the
purpose of establishing: (a) a bank of deposit or discount, or both
of deposit and discount; (b) a banking and trust company; or (c) a
savings bank. * * *"

It will be seen that the statute authorizes a bank of deposit or
discount, and likewise a banking and trust company.

The power to accept deposits is not the sole exclusive banking function;
the power to discount paper is itself a banking function. See; Zollman
on Banks and Banking, §§ 4861-2. This is not only true generally, but
especially so in the light of the (a) clause in the foregoing statute.

Section 16 of Article XVI recently amended is as follows:
"The Legislature shall by general laws, authorize the incorporation of

Honorable John Q. McAdams - page 2 , O-4912

corporate bodies with banking and discounting privileges, and shall
provide for a system of State supervision, regulation and control
of such bodies which will adequately protect and secure the depositors
and creditors thereof.

"No such corporate body shall be chartered until all of the authorized
capital stock has been subscribed and paid for in full in cash.  Such
body corporate shall not be authorized to engage in business at more
than one place which shall be designated in its charter.

"No foreign corporation, other than the national banks of the United States,
shall be permitted to exercise banking or discounting privileges in this
State."

We shall now determine whether or not the case of Kaliski v. Gossett,
Banking Commissioner, 109 S.W. (2) 340, writ of error refused, cited by
you, has any effect upon the question propounded.  That case involved
the constitutional double liability  imposed upon shareholders in cor-
porate bodies "with banking and discounting privileges", as applied to the
Peoples' Finance Company of San Antonio, incorporated under and by virtue
of the provisions of Subdivision 29 of Article 1121 Revised Civil Statutes,
1911, later Subdivision 48 of Article 1302 Revised Civil Statutes, 1925.
The court held that such corporation was not the corporate body whose
shareholders were liable to the superadded liability of the Constitution,
because the Peoples' Industrial Bank was not authorized to "exercise
banking and discounting privileges."  In the course of the opinion the court
did say:

"We are urged to change the word 'and'  to 'or', and read this phrase
"banking or discounting privileges,' but we see no justification for such
a construction, for unquestionably the word 'banking' includes discounting.
The words 'and discounting' might be treated  as surplusage, and the
section read to mean that shareholders in banking corporation should not
be issued until all of its stock had been paid for in cash."

This language, we think is a dictum, for it is not the basis to any degree
whatever, of the court's decision, that decision being as above stated.

However that may be, it is quite significant that the writers of the
Constitution in the last paragraph of Section 16 expressly declared, "No
Foreign corporation, other than the national banks of the United States
shall be permitted to exercise banking or discounting privileges in this
State." (Emphasis supplied).  Obviously, the convention did not consider
discounting an indispensable element of banking, or, in other words,
banking as including discounting.

But, entirely aside from the Constitution, the conslusion hereinafter
expressed would be compelled by Article 377 of the Revised Civil Statutes.

Upon these considerations, you are respectfully advised that a banking
corporation organized in the manner and for the purposes suggested by you

would not be entitled to receive a charter until all of the authorized capital stock had been subscribed and paid for in full in cash.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     s/ Ocie Speer

Ocie Speer
Assistant

OS-MR-cg

APPROVED OCTOBER 17, 1942
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPORVED: Opinion committee
          By BWB, Chairman